IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF DANIEL PESAVENTO,
by Special Administrator Alexandra Pesavento,
and H.P, minor, by her mother and guardian,
Alexandra Pesavento,

    Plaintiffs,

-vs-

BRYCE RUDEBECK,
and CITY OF APPLETON,

    Defendants.

Judge William C. Griesbach
Case No. 24-cv-647

## PARTIES' JOINT RULE 26 PLAN

Pursuant to the Court's Order of July 30, 2024 (Dkt. 11) and Fed. R. Civ. P. 26(f), the parties hereby submit the following Joint Rule 26 Plan:

**I.**     **Nature of the Case**

Plaintiffs Estate of Daniel Pesavento and H.P. allege that Defendant City of Appleton Police Officer Bryce Rudebeck used unreasonable deadly force when he shot and killed Daniel Pesavento on August 12, 2022. Defendants deny they violated Daniel Pesavento's constitutional or state statutory rights and deny liability for all claims and damages asserted by the Plaintiffs and affirmatively allege, *inter alia*, that they are entitled to qualified immunity where available.

**II.**     **Discovery Plan**

    **A.**     **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties will make their Rule 26(a) initial disclosures by September 13, 2024. The parties do not anticipate any changes to the form or requirement for the disclosures.

**B.　The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**　　1.　The subjects on which discovery may be needed:**

　　　　a.　Defendant Rudebeck's use of deadly force against Daniel Pesavento.

　　　　b.　Plaintiffs' damages.

**　　2.　When discovery should be completed.**

Therefore, the parties anticipate fact discovery to conclude by April 14, 2025, and to complete expert discovery by August 14, 2025.

**　　3.　Whether discovery should be conducted in phases or limited to or focused on particular issues.**

The parties do not believe that discovery should be conducted in phases or limited to or focused on particular issues.

**C.　Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues about disclosure or discovery of electronically stored information.

**D.　Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials. The parties anticipate filing a motion for entry of a confidentiality order regarding certain discovery materials.

E.  **What changes should be made in the limitations on discovery imposed under these rules or by Local Rule, and what other limitations should be imposed.**

The parties agree that it may be necessary to exceed the 10-deposition limit set forth in Rule 30(a)(2)(A)(i). The parties will work in good faith to agree on the number of depositions, and will seek guidance from the Court, if necessary. The parties agree that service of any document required to be served on opposing counsel can be served by email. The parties agree that depositions may be taken by video at the option of counsel.

F.  **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The following are the parties' proposed deadlines with respect to various issues in this case:

1. Initial Disclosures — September 13, 2024
2. Deadline for Amending the Pleadings — January 13, 2025
3. Fact Discovery Close — April 14, 2025
4. Plaintiff's Rule 26(a)(2) Disclosures — March 14, 2025
5. Defendants' Rule 26(a)(2) Disclosures — May 14, 2025
6. Plaintiff's Rebuttal Disclosures — July 14, 2025
7. Expert Discovery Close — August 14, 2025
8. Dispositive motion deadline — September 14, 2025

Dated: August 9, 2024                    Respectfully submitted,

/s/ Michael R. Fox
Michael R. Fox
FOX & FOX, S.C.
124 West Broadway
Monona, WI 53716

(608) 258-9588
mfox@foxquick.com

Ben H. Elson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
ben@peopleslawoffice.com

*Counsel for Plaintiffs*

CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants, Bryce Rudebeck and City of Appleton

BY: */s/Kiley B. Zellner*
SAMUEL C. HALL, JR.
State Bar No: 1045476
KILEY B. ZELLNER
State Bar No. 1056806
ZACHARY J. FLOOD
State Bar No. 1099136
BENJAMIN J. NICHOLS
State Bar No. 1138101
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants, Bryce Rudebeck and City of Appleton
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
Email: KZellner@crivellolaw.com