IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF DANIEL PESAVENTO,
by Special Administrator Alexandra Pesavento,
and H.P, minor, by her mother and guardian,
Alexandra Pesavento,

    Plaintiffs,

Case No: 24-CV-647

v.

BRYCE RUDEBECK,
and CITY OF APPLETON,

    Defendants.

**DEFENDANTS BRYCE RUDEBECK'S AND CITY OF APPLETON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLANITFFS' AMENDED COMPLAINT**

Defendants, City of Appleton and Bryce Rudebeck by their attorneys, Crivello, Nichols & Hall, S.C., answer Plaintiffs' Amended Complaint filed January 10, 2025, as follows:

**FACTUAL ALLEGATIONS**

1. Answering paragraph 1, deny there was any violation of Daniel Pesavento's Constitutional Rights or violations of the law, as further to answer any remaining allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same putting the Plaintiffs specifically to their burden of proof thereon.

2. Answering paragraph 2, deny.

3. Answering paragraph 3, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

4. Answering paragraph 4, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

5. Answering paragraph 5, deny.

**Daniel Pesavento**

6. Answering paragraph 6, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

7. Answering paragraph 7, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

8. Answering paragraph 8, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

9. Answering paragraph 9, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

10. Answering paragraph 10, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

11. Answering paragraph 11, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

12. Answering paragraph 12, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

13. Answering paragraph 13, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

14. Answering paragraph 14, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

15. Answering paragraph 15, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

16. Answering paragraph 16, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

17. Answering paragraph 17, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

**The Incident**

18. Answering paragraph 18, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

19. Answering paragraph 19, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

20. Answering paragraph 20, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

21. Answering paragraph 21, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

22. Answering paragraph 22, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

23. Answering paragraph 23, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

24. Answering paragraph 24, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

25. Answering paragraph 25, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

26. Answering paragraph 26, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

27. Answering paragraph 27, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

28. Answering paragraph 28, admit that Alexandra heard a gunshot and called 911. As for the remaining allegations, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

29. Answering paragraph 29, admit that several police officers responded to the call. As for the remaining allegations, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

30. Answering paragraph 30, admit that at the request of officers, Alexandra left the house with H.P. As for the remaining allegations, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

31. Answering paragraph 31, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

32. Answering paragraph 32, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

33. Answering paragraph 33, admit that several police officers responded to the call. As for the remaining allegations, deny that Plaintiffs' description of Defendant

Rudebeck's position is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

34. Answering paragraph 34, deny.

35. Answering paragraph 35, deny.

36. Answering paragraph 36, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

37. Answering paragraph 37, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

38. Answering paragraph 38, admit that APD officer Sam Gueli attempted to negotiate with Daniel to persuade him to drop the gun. As for the remaining allegations, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

39. Answering paragraph 39, admit that Defendant Rudebeck, APD Officer Anthony Shuman, and APD Officer Anthony Jenkins positioned themselves behind the hood of an APD squad car. As for the remaining allegations, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

40. Answering paragraph 40, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

41. Answering paragraph 41, admit.

42. Answering paragraph 42, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

43. Answering paragraph 43, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

44. Answering paragraph 44, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

45. Answering paragraph 45, deny.

46. Answering paragraph 46, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

47. Answering paragraph 47, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

48. Answering paragraph 48, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

49. Answering paragraph 49, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

50. Answering paragraph 50, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

51. Answering paragraph 51, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

52. Answering paragraph 52, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

53. Answering paragraph 53, deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof.

54. Answering paragraph 54, admit that Officer Shuman fired one shot from his rifle. As for the remaining allegations, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

55. Answering paragraph 55, deny.

56. Answering paragraph 56, admit Daniel was taken to ThedaCare Hospital where he was pronounced dead. As for the remaining allegations, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

57. Answering paragraph 57, deny.

58. Answering paragraph 58, deny.

59. Answering paragraph 59, deny.

60. Answering paragraph 60, deny.

61. Answering paragraph 61, deny.

62. Answering paragraph 62, deny.

63. Answering paragraph 63, deny.

64. Answering paragraph 64, deny.

65. Answering paragraph 65, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

66. Answering paragraph 66, deny.

**COUNT I – 42 U.S.C. § 1983**
**Excessive Force**

67. Answering paragraph 67, Defendants reallege and incorporate by reference the above paragraphs.

68. Answering paragraph 68, deny.

**COUNT II – 42 U.S.C. § 1983**
**Loss of Companionship**

69. Answering paragraph 69, Defendants reallege and incorporate by reference the above paragraphs.

70. Answering paragraph 70, deny.

71. Answering paragraph 71, deny.

### COUNT III – State Law Claim
### Wrongful Death

72. *Answering paragraph 72,* Defendants reallege and incorporate by reference the above paragraphs.

73. *Answering paragraph 73,* this paragraph asserts a legal conclusion to which no response is required. To the extent that any response is necessary, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof. As further answer, deny any wrongdoing, improper conduct or violation of Plaintiffs' rights by these answering Defendants as alleged by Plaintiff or otherwise.

74. *Answering paragraph 74,* admit.

75. *Answering paragraph 75,* deny.

76. *Answering paragraph 76,* deny that Plaintiffs' description is either complete or correct and therefore deny the same and put Plaintiffs to their proof

77. *Answering paragraph 77,* deny.

78. *Answering paragraph 78,* deny.

### COUNT IV - Indemnification

79. Answering paragraph 79, Defendants reallege and incorporate by reference the above paragraphs.

80. Answering paragraph 80, this paragraph asserts a legal conclusion to which no response is required. To the extent that any response is necessary, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof. As

further answer, deny any wrongdoing, improper conduct or violation of Plaintiffs' rights by these answering Defendants as alleged by Plaintiff or otherwise.

81. Answering paragraph 81, admit that Defendant Bryce Rudebeck was at the time of this occurrence employed as a City of Appleton Police Department officer and admit that any and all of the complained of actions attributed to Defendant Rudebeck were taken in the course and scope of that employment. Admit the existence of Wis. Stats. § 895.46, but deny any wrongdoing, improper conduct or violation of Plaintiffs' rights by these answering Defendants as alleged by Plaintiff or otherwise and therefore deny the statutes' applicability to the claims being asserted by Plaintiff.

## COUNT V – State Law Claim
## Respondeat Superior

82. *Answering paragraph 82,* Defendants reallege and incorporate by reference the above paragraphs.

83. *Answering paragraph 83,* admit that Defendant Bryce Rudebeck was at the time of this occurrence employed as a City of Appleton Police Department officer and admit that any and all of the complained of actions attributed to Defendant Rudebeck were taken in the course and scope of that employment, but deny any wrongdoing, improper conduct or violation of Plaintiffs' rights by these answering Defendants as alleged by Plaintiff or otherwise.

84. *Answering paragraph 84,* this paragraph asserts a legal conclusion to which no response is required. To the extent that any response is necessary, these answering Defendants deny liability and violation of state law.

## JURISDICTION AND VENUE

85. Answering paragraph 85, deny there was any violation of the Plaintiffs' Constitutional Rights or violations of the law, as further to answer any remaining allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same putting the Plaintiffs specifically to their burden of proof thereon.

86. Answering paragraph 86, admit the jurisdiction of this Court is proper, but deny there was any violation of the Plaintiffs' Constitutional Rights or violations of the law.

87. Answering paragraph 87, deny there was any violation of the Plaintiffs' Constitutional Rights or violations of the law, as further to answer any remaining allegations, admit that the City of Appleton is a political subdivision located withing this judicial district and the events giving rise to the claims asserted by Plaintiffs occurred withing this judicial district.

## PARTIES

88. Answering paragraph 88, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

89. Answering paragraph 89, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

90. Answering paragraph 90, admit that Defendant Bryce Rudebeck was at the time of this occurrence employed as a City of Appleton Police Department officer. As for the remaining allegations, lack information sufficient to form a belief as to the truth of these allegations, thereby deny them and put the Plaintiffs to their proof.

91. Answering paragraph 91, admit that Defendant Bryce Rudebeck was at the time of this occurrence employed as a City of Appleton Police Department officer and admit that any and all of the complained of actions attributed to Defendant Rudebeck were taken in the course and scope of that employment. As further answer, deny any wrongdoing, improper conduct or violation of Plaintiffs' rights by these answering Defendants as alleged by Plaintiff or otherwise.

92. Answering paragraph 92, admit that the City of Appleton is a political subdivision of the State of Wisconsin. Admit the existence of Wis. Stats. §§ 59.01, 59.27(1), and 895.46(1)(a) and of 42 U.S.C. § 1983, but deny any wrongdoing, improper conduct or violation of Plaintiffs' rights by these answering Defendants as alleged by Plaintiff or otherwise and therefore deny the statutes' applicability to the claims being asserted by Plaintiff.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to Plaintiffs' Amended Complaint, these answering Defendants submit the following:

a. the injuries and damages sustained by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of the Plaintiffs and the failure to mitigate;

b. the injuries and damages sustained by the Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than these answering defendants;

c. the Complaint contains claims that fail to state a claim upon which relief may be granted as against these answering defendants;

d. these answering defendants are immune from suit under common law and statutory immunities and privileges;

e. these answering defendants are protected from suit by immunities including qualified immunity;

f.   Plaintiffs failed to state a claim for and is not legally entitled to equitable relief;

g.   any and all injuries or damages sustained by the Plaintiffs are the result of an intervening and/or superseding cause preventing Plaintiffs a right of recovery against these defendants;

h.   Plaintiffs may have failed to exhaust administrative remedies before pursuing this action;

i.   Plaintiffs may have failed to name necessary and indispensable parties;

j.   to the extent Plaintiffs are bringing a state law claim, the claims are subject to the limitations, requirements, caps and immunities in Wis. Stat. § 893.80 which were not complied with;

k.   the Plaintiffs' claim for punitive damages is contrary to Wisconsin law and the Constitution;

l.   at all times relevant to matters alleged in Plaintiffs' Complaint, the defendants acted in good faith in accordance with established laws and administrative rules;

m.   all or portions of Plaintiffs' Complaint must be dismissed pursuant to the doctrine of discretionary immunity; and

n.   no individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of respondeat superior, or supervisory liability;

o.   defendants reserve the right to name additional affirmative defenses, as they may become known through further discovery or otherwise in this action.

**WHEREFORE**, these Defendants demand judgment dismissing the Plaintiffs' Amended Complaint on the merits and with prejudice, together with all costs, disbursements, attorney fees and such other relief as the Court may deem appropriate.

**THE DEFENDANTS DEMAND A JURY TRIAL**

Dated this 24th day of January, 2025.

> BY: */s/Kiley B. Zellner*
> SAMUEL C. HALL, JR.
> State Bar No: 1045476
> KILEY B. ZELLNER
> State Bar No. 1056806
> ZACHARY J. FLOOD
> State Bar No. 1099136
> BENJAMIN J. NICHOLS
> State Bar No. 1138101
> CRIVELLO, NICHOLS & HALL, S.C.
> Attorneys for Defendants, Bryce
> Rudebeck and City of Appleton
> 710 N. Plankinton Ave., Suite 500
> Milwaukee, WI 53203
> Phone: (414) 271-7722
> Fax: (414) 271-4438
> Email: shall@crivellolaw.com
> kzellner@crivellolaw.com
> zflood@crivellolaw.com
> bnichols@crivellolaw.com