# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ESTATE OF DANIEL PESAVENTO, et al.,**

**Plaintiffs,**

**v.**                                        **Case No. 24-CV-647**

**BRYCE RUDEBECK, et al.,**

**Defendants.**

## ORDER

Bryce Rudebeck, an Appleton Police Officer, shot and killed Daniel Pesavento. The shooting occurred following a roughly 30-minute standoff with police where Pesavento, drunk and suicidal, paced the end of his driveway with a handgun. *Est. of Pesavento v. Rudebeck*, No. 24-CV-647, 2026 U.S. Dist. LEXIS 55872, at *2-3, *7-*8 (E.D. Wis. Mar. 10, 2026). Pesavento refused officers' demands that he drop the gun and expressed a desire to die by "suicide by cop," but he did not expressly threaten the officers surrounding his home. At the time Rudebeck shot him, Pesavento had the gun pointed at his own head, as had been the case throughout nearly the entire standoff.

Rudebeck sought summary judgment on the basis of qualified immunity. The court denied his motion. It was clearly established that a police officer may not use deadly force against a person who, although armed with a deadly weapon, "is merely

passively resisting and has not presented any threat of harm to others." *Pesavento*, 2026 U.S. Dist. LEXIS 55872, at \*11-12 (quoting *Estate of Williams v. Ind. State Police Dep't*, 797 F.3d 468, 485 (7th Cir. 2015)); *see also id.* (citing cases).

Ordinarily, only a district court's final decisions are appealable. 28 U.S.C. § 1291. Decisions denying qualified immunity are an exception to this general rule. *Alhadji F. Bayon v. Berkebile*, 29 F.4th 850, 853-54 (7th Cir. 2022). However, this exception is narrow; it is limited to questions of law. *Alhadji F. Bayon*, 29 F.4th at 854. When a defendant appeals a district court's decision denying qualified immunity the district court generally must stay the case pending resolution of the appeal. *Kraeger v. Waupaca Cty.*, No. 24-CV-883, 2025 U.S. Dist. LEXIS 110570, at \*3 (E.D. Wis. June 11, 2025).

Rudebeck has appealed the court's decision denying him qualified immunity, and thus the defendants ask the court to stay further proceedings pending resolution of that appeal. (ECF No. 52.) The plaintiffs ask the court to certify Rudebeck's appeal as frivolous. (ECF No. 56.)

The plaintiffs argue that Rudebeck's appeal is frivolous because it depends on factual disputes. Specifically, the plaintiffs argue that Rudebeck's qualified immunity argument before this court depended on Rudebeck's version of the facts. Having not made any argument to this court that the facts, when viewed in the light most favorable to the plaintiffs, prove he is entitled to qualified immunity, Rudebeck forfeited the argument and thus has no basis to appeal.

2

The material events were captured on video or are otherwise undisputed. What the parties dispute is primarily how to characterize those facts, *e.g.*, whether Pesavento's refusal to comply with officers' orders constituted "active" resistance, *see Pesavento*, 2026 U.S. Dist. LEXIS 55872, at *12-13, or whether it could be fairly said that, in moving the gun from his side to his head, Pesavento "directed" his firearm toward officers, *id.* at *14.

The court of appeals could conclude that it has jurisdiction and that these are not factual disputes but mere arguments about the legal significance of the undisputed evidence. Whether the court of appeals has jurisdiction will depend on the precise nature of Rudebeck's argument. Because it is plausible that Rudebeck can pursue an appeal that is within the appellate court's jurisdiction, this court cannot say that an appeal is frivolous.

**IT IS THEREFORE ORDERED** that the defendants' motion to adjourn the trial in this matter (ECF No. 52) is **granted**. All dates are vacated. This action is stayed pending resolution of the appeal. The Clerk is directed to close this case for administrative purposes.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to certify the defendants' appeal as frivolous (ECF No. 56) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to file their reply

instanter (ECF No. 61) is **granted**. The Clerk shall docket their reply (ECF No. 61-1).

Dated at Green Bay, Wisconsin this 21st day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
